UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CHARLES WALLIS, CHRISTOPHER )
B. GOINS, and MARK WELLS, )
                                  )
          Plaintiffs,             )
                                  )
v.                                )         No.        3:26-CV-247-TAV-DCP
                                  )
JEFFERSON COUNTY JAIL STAFF,      )
J. COFFEY, and AMBER MANNING,     )
                                  )
          Defendants.             )

## MEMORANDUM OPINION AND ORDER

Now before the Court is a pro se complaint filed pursuant to 42 U.S.C. § 1983 that lists three Plaintiffs and challenges the fact that the Jefferson County Jail has been on "23-1" lockdown since Plaintiff Charles Wallis, the only Plaintiff who signed the complaint, arrived in the jail on December 4, 2025 [Doc. 2]. Also before the Court is Plaintiff Wallis's motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court considers Plaintiff Wallis as the only Plaintiff herein, Plaintiff Wallis's motion [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.    PLAINTIFFS

First, while the complaint lists three plaintiffs in the style of the case [Doc. 2, p. 1], for the reasons set forth below, the Court considers Plaintiff Wallis to be the only plaintiff herein and will therefore dismiss Plaintiffs Christopher Goins and Mark Wells.

While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 724 (1966), courts have recognized that there are significant practical problems with allowing multiple prisoners to file a single complaint. *See*, *e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated . . . . '" as well as the fact that prisoner litigants are "notably transitory") (citations omitted).

As the Court noted above, only Plaintiff Wallis signed the complaint [*Id.* at 5], even though Rule 11(a) of the Federal Rules of Civil Procedure requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the Court. Also, only Plaintiff Wallis filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. Accordingly, due to the myriad difficulties with multiple prisoner plaintiffs proceeding together in one case, and as it is apparent that Plaintiff Wallis is the only named Plaintiff actively pursuing this case, the Court **DISMISSES** Plaintiffs Goins and Wells.

## II.    FILING FEE

As Plaintiff Wallis's financial documents demonstrate that he cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment,

2

whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## III.    SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil

Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim.  *Id.* at 681; *Twombly*, 550 U.S. at 570.  However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.  42 U.S.C. § 1983.

## IV.  ALLEGATIONS

According to the complaint, the Jefferson County Jail has been on a "23-1" lockdown since Plaintiff Wallis arrived on December 4, 2025, even though "the Rule book" does not state that jail will operate on this schedule [Doc. 2, pp. 2– 4].  Also, when Plaintiff Wallis filed a form stating that he was on "depression medication" due to this lockdown, that nothing had changed since the hiring of a new officer, and that other jails are not on lockdown, Defendant Amber Manning responded that the jail is "a 23/1 locked down facility," that only trustees are allowed out more than one hour per day, and that "it takes a lot to become a trustee" in the jail [*Id.* at 4].

The complaint names the Jefferson County Jail Staff, Jefferson County Sheriff Jeff Coffey, and Lieutenant Amber Manning as Defendants [*Id.* at 3].  The complaint does not

4

have a request for relief but instead states that a newly opened jail in Morristown is not on "23-1" lockdown and asks why Jefferson County is on such a lockdown in the portion of the complaint designated for the requested relief [*Id.* at 5].

## V.    ANALYSIS

The Court first notes that the complaint fails to comport with general pleading rules, as it does not contain "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(3).  The Court will not permit Plaintiff Wallis an opportunity to amend the complaint to include his requested relief, however, because his only substantive allegations fail to state a plausible claim for relief.  Specifically, as set forth above, Plaintiff Wallis's only substantive claim is that he is confined to his cell for 23 hours per day.  However, this type of confinement "does not rise to the level of a constitutional magnitude." *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that 23/1 "confinement does not impose an atypical and significant hardship" (citing *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995))).  Moreover, while Plaintiff Wallis also states in the complaint that this 23/1 confinement has caused him to take medication for depression, he provides no facts about the conditions his confinement from which the Court could find that they create an "extreme deprivation[]" that denies him "'the minimal civilized measure of life's necessities," such that they could plausibly violate his constitutional rights. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

Accordingly, the complaint fails to state a plausible claim for violation of § 1983, and this action will be **DISMISSED**.

5

## VI.  CONCLUSION

For the reasons set forth above:

1.  Plaintiffs Goins and Wells are **DISMISSED**;

2.  Plaintiff Wallis's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

3.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4.  The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6.  Even liberally construing Plaintiff's complaint in his favor, it fails to state a claim upon which relief may be granted under § 1983;

7.  Accordingly, this action will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6